**Order filed August 25, 2022**



In The

# Eleventh Court of Appeals

———————

## No. 11-22-00052-CV

———————

## AIM MEDIA TEXAS, LLC D/B/A *THE ODESSA AMERICAN*, Appellant

## V.

## CITY OF ODESSA, TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-20-02-0127-CV**

## O R D E R

Appellee, the City of Odessa, Texas, has filed in this court a motion to dismiss this appeal for lack of jurisdiction. We deny the motion.

Appellant, AIM Media Texas, LLC d/b/a *The Odessa American*, filed a notice of appeal from an order in which the trial court granted the City's plea to the jurisdiction, denied AIM's request for attorney's fees, and ordered "that all causes of action asserted in this matter are hereby DISMISSED for lack of jurisdiction."

The trial court signed the order on February 7, 2022, and AIM filed its notice of appeal on March 9, thirty days after the order was signed. *See* TEX. R. APP. P. 26.1. In its motion to dismiss, the City asserts that the notice of appeal was untimely because it was not filed within the time period required "to perfect an accelerated appeal of an interlocutory order." The City relies upon Rules 26.1(b) and 28.1(a) of the Texas Rules of Appellate Procedure and also on Section 51.014(a)(8) of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2021) (permitting appeal from an "interlocutory" order that grants or denies a plea to the jurisdiction filed by a governmental unit); TEX. R. APP. P. 28.1(a) (providing that an appeal from an interlocutory order is an accelerated appeal); TEX. R. APP. P. 26.1(b) (providing that, in an accelerated appeal, the notice of appeal must be filed within twenty days of the date that the trial court signed the order being appealed); *see also* TEX. R. APP. P. 28.1(b) (perfecting an accelerated appeal). The City, however, is mistaken in its assertion that this appeal stems from an interlocutory order.[1]

An order granting a plea to the jurisdiction and dismissing the entire case "is a final judgment because it disposes of all parties and all claims." *Qatar Found. for Educ., Sci. & Cmty. Dev. v. Paxton*, No. 03-20-00129-CV, 2020 WL 6269267, at *2 (Tex. App.—Austin Oct. 22, 2020, order) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)). When an order granting a plea to the jurisdiction disposes of all parties and all claims and therefore constitutes a final judgment, the abridged timetable for filing an accelerated appeal under Rules 26.1(b) and 28.1 is not applicable because such an order is not interlocutory and, hence, the appeal is

---

[1]Furthermore, in response to the City's assertion regarding AIM's failure to file a motion for extension of time to file its notice of appeal, we note that even if AIM's notice of appeal was due within twenty days after the trial court's order, AIM filed its notice of appeal within the fifteen-day period in which a motion for extension would have been "necessarily implied" as long as AIM had acted in good faith. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

not accelerated. *Camarena v. City of Weslaco*, No. 13-17-00243-CV, 2018 WL 4143764, at \*3 (Tex. App.—Corpus Christi–Edinburg Aug. 30, 2018, no pet.). The order from which AIM appeals is a *final* judgment that disposes of all parties and all claims; it is not an *interlocutory* order. Therefore, neither Section 51.014(a)(8) nor the appellate rules regarding the time in which to file a notice of appeal from an interlocutory order are applicable in this case.

Accordingly, we deny the City's motion to dismiss this appeal for lack of jurisdiction.

PER CURIAM

August 25, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.